**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT J. KOSCH, JR., | : | |
| | : | Civil Action No. 22-3413 (CCC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | : : | |
| | : | |
| Respondent. | : : | |

*Pro se* petitioner Robert J. Kosch, Jr. seeks a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651 to vacate his state court conviction. ECF No. 1. Before the Court are Petitioner's application to proceed *in forma pauperis* ("IFP"), (ECF No. 1-1), and motion to expedite review (ECF No. 3). For the reasons set forth below, the Court will dismiss the Petition *sua sponte* for lack of jurisdiction and deny the IFP application and motion to expedite as moot.

The writ of error *coram nobis* is an "infrequent" and "extraordinary" form of relief reserved for "exceptional circumstances." *United States v. Stoneman*, 870 F.2d 102, 106 (3d Cir. 1989); *see also United States v. Osser*, 864 F.2d 1056, 1059 (3d Cir. 1988); *United States v. Gross*, 614 F.2d 365, 368 (3d Cir. 1980) (*per curiam*). "Only where there are errors of fact of 'the most fundamental kind, that is, such as to render the proceeding itself irregular and invalid,' can redress be had." *Stoneman*, 870 F.2d at 106. Such applications may be brought by a petitioner after his sentence has been served, *see Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003), and are used to attack those rare convictions that are both invalid and have continuing post-custodial consequences, *see Stoneman*, 870 F.2d at 105–06.

However, *coram nobis* is not available in a federal court as a means of attack on a state criminal judgment. *Obado*, 328 F.3d at 718. Rather, "[o]nly the court that handed down the [wrongful] judgment of conviction . . . may entertain . . . a [*coram nobis*] petition." *Goodman v. United States*, 140 F. App'x 436, 437 (3d Cir. 2005) (citing *Obado*, 328 F.3d at 718).

Here, the Petition challenges a state criminal judgment. *See* ECF No. 1-3. Accordingly, only the state court that entered Petitioner's judgment of conviction may render *coram nobis* relief. *See Obado*, 328 F.3d at 718; *Goodman*, 140 F. App'x at 437. Therefore, the Court will deny the Petition for lack of jurisdiction without prejudice to seeking the same in the state forum. The Court will also deny Petitioner's IFP application and motion to expedite as moot. An appropriate order follows.

s/ Claire C. Cecchi

**Date**: July 12, 2022

**Claire C. Cecchi, U.S.D.J.**